UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>　-against-<br><br>CITIZENS INSURANCE COMPANY OF AMERICA,<br>　　　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, The Charter Oak Fire Insurance Company ("Travelers"), by and through its undersigned counsel, Usery & Associates, as and for its Complaint for Declaratory Judgment against Defendant, Citizens Insurance Company of America ("Hanover"), alleges as follows:

**Nature of the Action**

1.　In this action, Travelers seeks a declaration that Hanover is obligated to defend and to indemnify Performance Plumbing & Heating, LLC ("Performance"), Sacred Heart University ("Sacred Heart"), and PAC Group LLC ("PAC Group") in connection with a lawsuit entitled *Aaron Pippen v. Sacred Heart University, et al.*, brought in the Connecticut Superior Court, Judicial District of Middletown at Middlesex, Docket Number MMX-CV20-6028609-S (the "Underlying Action"), as additional insureds under the policy of insurance issued by Hanover on a primary, non-contributory basis.

**Parties**

2. At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Hartford, Connecticut.

3. Upon information and belief, Hanover is a New Hampshire corporation with its principal place of business in Bedford, New Hampshire.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred in this jurisdiction.

6. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Hanover.

7. Travelers has no adequate remedy at law.

**The Relevant Insurance Policies**

8. Travelers issued to Performance a Commercial General Liability Policy, bearing policy number DT-CO-1H093296-COF-19, with effective dates of 04/20/2019 to 04/20/2020 (the "Travelers Policy").

9. The Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

10. The Travelers Policy contains excess "other insurance" clauses that provide that coverage under the Travelers Policy is excess over any other coverage available to Performance as an additional insured.

11. The Travelers Policy provides coverage to Sacred Heart and PAC Group as additional insureds subject to the terms and conditions set forth therein.

12. Upon information and belief, Hanover issued to Automatic Building Systems ("ABS") a Commercial General Liability Policy bearing policy number ZBE-D305628, effective from 07/16/2019 to 07/16/ 2020 (the "Hanover Policy").

13. Upon information and belief, the Hanover Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

14. Upon information and belief, the Hanover Policy provides coverage to Performance, Sacred Heart, and PAC Group as additional insureds for liability for "bodily injury" caused, in whole or in part, by ABS's acts or omissions and/or the acts or omissions of those acting on ABS's behalf.

**Background**

15. PAC Group and Performance entered into a contract under which Performance was to provide a complete HVAC package for the Sacred Heart W Campus Renovation, E Building – Phase 3, located at 3135 Easton Turnpike in Fairfield, Connecticut (the "Project").

16. In November 2018, Performance and ABS entered into a Subcontractor Agreement ("Subcontract") under which ABS was to complete all controls and run wiring for the Project.

17. The Subcontract required ABS to obtain a Commercial General Liability Policy naming Performance and PAC Group as additional insureds.

18. The Subcontract also required ABS to indemnify, hold harmless, and defend, Performance and PAC Group from, at ABS's sole cost and expense, any lawsuit brought against Performance of PAC Group because of any act of ABS or its employees, agents, subcontractors, or performers of work under the Subcontract.

19. In the Underlying Action, Aaron Pippen (the "Claimant") alleges that on August 20, 2019, he fell while walking on a catwalk at the Project, causing him to sustain injuries and damages. A true and correct copy of the Complaint in the Underlying Action is attached hereto as **Exhibit A**.

20. In the Underlying Action, the Claimant alleges that he was working at the Project when the loss occurred.

21. At all times relevant, the Claimant was working for ABS at the Project.

22. In the Underlying Action, the Claimant asserts that Sacred Heart, Performance, and PAC Group were negligent for, *inter alia*, failing to properly inspect the catwalk, failing to properly maintain the catwalk, failing to warn the Claimant that the catwalk was dangerous, failing to adequate train their employees to properly inspect and maintain the catwalk, and failing to warn workers of the dangerous condition on the catwalk.

23. In the Underlying Action, Performance asserted third-party claims against ABS.

24. Travelers is defending Performance in the Underlying Action and is named insured and defending Sacred Heart and PAC Group as additional insureds pursuant to the terms of the Travelers Policy.

25. In the Underlying Action, the Claimant seeks to recover for alleged injuries which were caused, in whole or in part, by ABS's acts or omissions, or the acts or omissions of those acting on ABS's behalf.

### Tenders to Hanover

26. By correspondence dated November 4, 2019, Travelers timely tendered the defense and indemnity of Performance to ABS in connection with the Claimant's alleged injuries.

27. By correspondence dated December 4, 2019, Hanover indicated that it did not have sufficient information to respond to the demand.

28. By correspondence dated December 4, 2019, January 17, 2020, and April 23, 2020, Travelers provided Hanover with additional information regarding the Claimant's alleged injuries and repeated its tender of the defense and indemnity of Performance to ABS and Hanover.

29. By correspondence dated April 30, 2020, Hanover indicated that it did not have sufficient information to respond to the demand.

30. By correspondence dated July 1, 2020, Travelers repeated its tender to Hanover in light of the Underlying Action filed by the Claimant. Travelers followed up on September 15, 2020.

31. By correspondence dated September 15, 2020, Hanover denied Travelers' demand on the grounds that additional insured coverage was not available to Performance because the Claimant's injuries were not caused by ABS.

32. Travelers and Hanover exchanged communication regarding Travelers' tender of the defense and indemnity of Performance, Sacred Heart, and PAC Group to Hanover as discovery in the Underlying Action was conducted.

33. Upon information and belief, the Claimant's injuries in the Underlying Action were caused, in whole or in part, by ABS's acts or omissions or the acts or omissions of those acting on ABS's behalf.

34. Hanover has failed and refused to accept the defense and indemnification of Performance, Sacred Heart, and PAC Group under the Hanover Policy in connection with the Underlying Action.

### Travelers' Cause of Action for Declaratory Relief Against Hanover

35. Travelers repeats, realleges, and incorporates the allegations contained in Paragraphs 1-34 above as if set forth here in their entirety.

36. Performance, Sacred Heart, and PAC Group qualify as additional insureds under the Hanover Policy for the claims asserted against them in connection to the Underlying Action.

37. Performance, Sacred Heart, and PAC Group are entitled to a defense under the Hanover Policy issued to ABS, as well as to indemnification thereunder for any verdict or judgment rendered against Performance, Sacred Heart, and/or PAC Group in the Underlying Action.

38. Coverage provided to Performance, Sacred Heart, and PAC Group by the Hanover Policy with respect to the Underlying Action is primary to that provided by the Travelers Policy.

39. Hanover has refused to provide coverage to Performance, Sacred Heart, and PAC Group with respect to the Underlying Action.

40. Accordingly, Travelers seeks a declaration that Hanover has an obligation to defend and indemnify Performance, Sacred Heart, and PAC Group as additional insureds; that the coverage provided by the Hanover Policy is primary; and that the obligations of Travelers to Performance, Sacred Heart, and PAC Group in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Hanover Policy.

41. In addition, Travelers seeks an award at law and in equity against Hanover for recovery of all sums Travelers has incurred and continues to incur in the defense of the Performance, Sacred Heart, and PAC Group in the Underlying Action because the coverages provided by the Hanover Policy are primary to any coverage provided by Travelers.

### Claim for Declaratory Relief

Wherefore, Plaintiff Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that the Hanover Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Hanover Policy have been complied with and met.

3. Declaring that the alleged incident and Underlying Action fall within the coverage afforded by the Hanover Policy.

4. Declaring that Hanover owes a duty to defend Performance, Sacred Heart, and PAC Group in connection with the Underlying Action.

5. Declaring that Hanover owes a duty to indemnify Performance, Sacred Heart, and PAC Group in connection with the Underlying Action.

6. Declaring that Hanover's coverage obligations to Performance, Sacred Heart, and PAC Group in connection with the Underlying Action are primary.

7. Declaring that Travelers' coverage obligations under the Travelers Policy are excess to those of Hanover with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Travelers and Hanover with respect to Hanover's duty to defend and to indemnify Performance, Sacred Heart, and PAC Group in connection with the Underlying Action.

9. Granting an award in favor of Travelers against Hanover for all sums Travelers has paid in defending Performance, Sacred Heart, and PAC Group as to the Underlying Action.

10. Granting an award in favor of Travelers for the costs of suit incurred herein.

11. Granting such other and further relief as the Court may deem just and proper.

Dated: Hartford, Connecticut
April 20, 2023

**RESPECTFULLY SUBMITTED:**

**USERY & ASSOCIATES**

By: ___/s/Rachel J. Fain_____
      Rachel J. Fain, Esq.
      Attorneys for Plaintiff
      The Travelers Indemnity Company
      of America
      Main: 917.778.6680
      Fax: 844.571-3789
      Email: rfain@travelers.com

      <u>Please address all correspondence sent by mail to:</u>
      P.O. Box 2996
      Hartford, CT 06104-2996

      <u>Physical Address</u>:
      485 Lexington Avenue, 6th Floor
      New York, NY 10017